MICHAEL WALSH

v.

WILLIAM A. AYLSWORTH.

*Replevin—Stable Keeper's Lien—Sec. 49, Chap. 82, R. S.—Instructions.*

A court has no right to tell the jury in a given case that any fact in issue has been proven.

[Opinion filed December 14, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. Perry A. Hull, for appellant.

Messrs. George F. Westover, H. J. Caldwell and Louis J. Pierson, for appellee.

Mr. Justice Shepard. The appellant was keeper of a livery and boarding stable, and as such had kept a horse, phaeton and harness belonging to one Murray, and for the keeping thereof there was due him $43.65 at the time when the rig was taken for use, in the customary way, by the wife of Murray, on July 23, 1891.

Appellee claimed to have bought the establishment from Mrs. Murray, on the same day, at about noon-time, and possession thereof was delivered to him, and it was not returned to appellant's stable. A couple of days afterward parties acting for appellant found the rig hitched in front of a drug store, and took possession of it and drove it back to appellant's stable, where it has remained ever since.

Appellee demanded possession of the property, and its return being refused, suit in replevin with a count in trover was brought, and judgment rendered for appellee for the value of the property.

Appellant, the defendant below, based his defense upon his lien on the property for the amount due him for the keeping thereof for Murray, given him as a stable keeper, by Sec. 49, Chap. 82, R. S. That section is as follows:

"Stable keepers and any persons shall have a lien upon the horses, carriages and harness kept by them for the proper charges due for the keeping thereof and expenses bestowed thereon at the requ st of the owner, or the person having the possession thereof."

It was claimed on the other hand, by appellee, that the lien of appellant, if he had any, was lost by letting the rig go out of his possession in the manner stated.

The question whether the lien declared by the statute may be lost by a relinquishment of possession of the personal property to which the lien has attached, as in cases of liens on personal property at common law, or whether the lien

will follow the article beyond possession, is an interesting one; and because its determination is fraught with importance to many persons and large interests not connected with this suit, we hesitate about deciding it without fuller argument and a more thorough examination of the authorities on both sides than has been presented by the briefs filed on this appeal.

We refer to Walls v. Long, 28 N. E. Rep. 101, and cases cited, and Jones on Liens, Chap. 13, Secs. 641 to 701, and cases there cited, in addition to those cited by counsel; and there is probably still more authority and reason applicable to the question.

We are persuaded to this course for the additional reason of error committed by the court below in giving plaintiff's first instruction.

That instruction tells the jury that if they find so and so, the essential facts in controversy, etc., " *as proven by the plaintiff, and as in evidence before you*," then the plaintiff is entitled to recover the value of the property.

The court, under our system, has no right to tell the jury that any fact in issue has been proven, and such was the clear import of the instruction.

For the error in the instruction alone, the cause will be reversed and remanded.

*Reversed and remanded.*